O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

AURELIO MARTIN SEPULVEDA

        Plaintiff,

vs.

JAMES LEE, M.D., ET AL.;

        Defendants.

Case No. EDCV 10-1705 CAS (PJW)

**ORDER DENYING MOTION FOR A PRELIMINARY INJUNCTION**

## I. INTRODUCTION

On November 8, 2010, plaintiff Aurelio Martin Sepulveda, then an inmate at Ironwood State Prison ("Ironwood") in Blythe, California, filed this civil rights suit under 42 U.S.C. § 1983 against defendants James Lee, M.D., N. Williams, M.D., M. Tolentino, a supervising Registered Nurse, Nurse Tennefos, Nurse Johnson, Nurse Morales, J. Obaiza, M.D. and Nurse Combs in their individual and official capacities. Dkt. No. 3. All of these individuals are medical personnel employed by the California Department of Correction and Rehabilitation ("CDCR") at Ironwood. Plaintiff claims that defendants (1) violated his Eighth Amendment right to be free from cruel and

unusual punishment by acting with deliberate indifference towards his medical needs; (2) violating his First Amendment right to submit a prison grievance by retaliating against him with respect to his medical care. Compl. ¶¶ 128–143. The suit was referred to Magistrate Judge Patrick J. Walsh.

On February 4, 2011, defendants moved to dismiss this action; plaintiff filed an opposition to defendants' motion thereafter. On July 27, 2011, Magistrate Judge Walsh issued a Report and Recommendation ("R&R") recommending dismissal of a number of defendants and the majority of plaintiff's claims. Dkt. No. 34. On October 6, 2011, the Court adopted the R&R over plaintiff's objection. Dkt. No. 40. Magistrate Judge Walsh adopted a scheduling order on November 28, 2011. Thereafter, Magistrate Judge Walsh granted plaintiff's first and second requests to amend the scheduling order. Dkt. Nos. 54, 56.

On September 25, 2012, plaintiff filed a third request to amend the scheduling order. Dkt. No. 57. Before obtaining a ruling on this request, on December 17, 2012, plaintiff filed a fourth request to amend the scheduling order along with a request for a preliminary injunction. Dkt. No. 61. Defendant opposed plaintiff's request for a preliminary injunction on January 3, 2013. Dkt. No. 63. On January 8, 2013, plaintiff filed a motion for a preliminary injunction and a motion for leave to amend his complaint. Dkt. No. 66. Defendants opposed both of plaintiff's motions on February 8, 2013. Dkt. Nos. 69, 70.

Defendants filed a motion for summary judgment on January 8, 2013. Plaintiff has yet to file an opposition.

## II. BACKGROUND

The facts underlying plaintiff's suit are set forth more fully in Judge Walsh's Report and Recommendation, filed on July 27, 2011, recommending that defendants' motion to dismiss be granted in part and denied in part, which the Court adopted in full. Plaintiff's remaining claim is against defendants Lee, Williams, Tolentino, and Combs

for retaliation. In support of this claim, plaintiff alleges that the aforementioned defendants "changed his blood sugar regimen to require twice daily fingersticks in retaliation for plaintiff's exercise of his First Amendment right to file a prison grievance against Nurse Tennefos." R&R at 17 (citing Compl. ¶¶ 140–141). Plaintiff alleged he suffered physical and psychological harm as a result of defendants' actions, and that there was no legitimate basis for the new regimen. The Court found that "[l]iberally construed and taken as true, these allegations state a retaliation claim." Id. at 18. The Court disregarded defendants' contention that they were simply attempting to provide proper medical care, as the Court was bound to accept plaintiff's version of the events in question for purposes of a motion to dismiss. Id.

In his initial request for a preliminary injunction, plaintiff claims that defendant Lee has continued to retaliate against him and seeks an order "directing Defendant Lee to stop Retaliating against Plaintiff, and that he not be allowed by his Superiors to involve himself in any Decisions made or Appeals submitted by Plaintiff concerning the Treatment of Plaintiff's Medical Conditions. Dkt. No. 61 at 4. Plaintiff alleges that he had been seen by Dr. Rohrdanz, who issued a "chrono" accommodating plaintiff's medical needs, but when this order was forwarded to Dr. Lee, he modified the order finding that plaintiff was not prevented from "proning out" on the floor. Id. at 3. Plaintiff also claims that Dr. Lee was involved in wrongfully denying a second-level review of plaintiff's administrative complaint, and that while the record in one of plaintiff's appeals indicated that Dr. Lee had approved a steroid injection for him, no such injection was ever provided. Id. at 6.

Plaintiff then filed a detailed motion for a preliminary injunction on January 8, 2013, contending that Dr. Lee has continued to systematically retaliate against him. Dkt. No. 66. Plaintiff claims that a physician recommended him to an off-site specialist to treat his pain symptoms, but that Dr. Lee denied plaintiff access to such treatment. Id. at 7. According to plaintiff, Dr. Lee knows that the failure to refer plaintiff to off-site

3

providers will cause him unnecessary pain and suffering, as well as restrict his ability to function, but that Dr. Lee has persisted in refusing plaintiff treatment. Id. at 8. Plaintiff further contends that Dr. Lee has wrongfully denied him opiate-based medication despite his severe pain symptoms and directed his staff to provide plaintiff with anti-psychotic medications instead. Id. at 11–13. Plaintiff submits a detailed affidavit in support of his motion.

On February 5, 2013, plaintiff was transferred to the California Institution for Men in Chino, California. Dkt. No. 72.

### III. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984). Under either formulation, demonstrating a likelihood of success on the merits and irreparable harm is "most critical." Nken v. Holder, 556 U.S. 418, 434 (2009).

Further limits to the Court's power to issue a preliminary injunction are contained in the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1)(A). Under this section:

///

4

>The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Id.

## IV.   DISCUSSION

After reviewing plaintiff's submissions and defendants' responses thereto, the Court concludes that a preliminary injunction should not issue in this case. .

First, plaintiff's motion for a preliminary injunction appears to be moot, as plaintiff no longer resides at the Ironwood State Prison in Blythe, California. All of allegations supporting plaintiff's motion concern the medical staff at Ironwood, who are no longer involved in the provision of plaintiff's medical care or the consideration of plaintiff's administrative complaints and appeals. Because plaintiff now resides at a new facility, there appears to be no risk of any retaliation by the medical staff at Ironwood against plaintiff, either through the alleged withholding of medical care in retaliation for plaintiff's previous complaints or through further denials of plaintiff's numerous administrative appeals. Accordingly, there appears to be no risk of future irreparable injury, which negates any need for injunctive relief at present.

Second, even if plaintiff's motion were not moot, the Court finds that plaintiff has failed to carry his burden of demonstrating a likelihood of success on the merits of his claims remaining claim for retaliation. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

5

correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005). Plaintiff has not demonstrated that he is likely to succeed on the first element of his claim, which arises out of plaintiff's allegation that defendants changed his insulin testing regimen in response to plaintiff's filing of administrative complaints against various defendants, all members of the prison's medical staff. This is unrelated to the substance of plaintiff's preliminary injunction request, which concerns later alleged actions taken in response to plaintiff's administrative complaints, and therefore is an improper basis for seeking injunctive relief unrelated to the substance of plaintiff's complaint. Even considering the totality of plaintiff's allegations in his complaint and assertions in his declaration, however, plaintiff has not demonstrated that prison medical staff took adverse actions against him. What plaintiff has demonstrated is that he frequently disagrees with the decisions of the medical staff at Ironwood, but this alone would not support a successful retaliation claim, nor the issuance of a preliminary injunction.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's motion for a preliminary injunction is DENIED. The Court refers the remainder of plaintiff's outstanding requests and motions to Magistrate Judge Walsh for ruling.

IT IS SO ORDERED.

Dated: May 6, 2013

*Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge